
DA 13-0517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 104N

CITY OF BILLINGS,

      Plaintiff and Appellee,

  v.

JOEY JEAN OLTROGGE,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 13-227
Honorable Gregory R. Todd, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Joey Jean Oltrogge, self-represented; Worden, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

          Brent Brooks, Billings City Attorney, Stacy Tenney, Deputy Billings City Attorney, Billings, Montana


Submitted on Briefs:  March 19, 2014
Decided:  April 15, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joey Jean Oltrogge appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, affirming her conviction of disorderly conduct in the Municipal Court of the City of Billings. We affirm.

¶3 Oltrogge was convicted of disorderly conduct after an incident in which she and her mother, Lorena Fatouros Nelson, used insulting and profane language toward Nelson's 13-year-old neighbor. Oltrogge and Nelson saw the child walking home from school as they were driving to Nelson's house. Oltrogge raised her middle finger and said, "Fuck you." Nelson said, "Spic bastard." The child's mother called the police. Oltrogge and Nelson were tried together and appealed their convictions on identical grounds. The circumstances of the offense and trial are described in greater detail in Nelson's related appeal. *City of Billings v. Nelson*, 2014 MT 98, ___ Mont. ___, ___ P.3d ___.

¶4 In that appeal, we concluded that the disorderly conduct statute, § 45-8-101, MCA, does not require proof that the defendant disturbed the peace of more than one person. *Nelson*, ¶ 20. We determined that, although Nelson and Oltrogge were inside a vehicle when they made their offensive remarks, the remarks were still face-to-face communications with the potential to incite an immediate violent response from a listener on the street, and were therefore within the "fighting words" doctrine. *Nelson*, ¶ 24. We also concluded that an

2

alleged misstatement by the responding officer that Nelson and Oltrogge had refused to speak to him did not affect the women's constitutional rights, *Nelson*, ¶¶ 27-28; the Municipal Court did not err by refusing to allow the women to replay recordings already in evidence and requiring authentication of a McDonald's receipt, *Nelson*, ¶¶ 30-31; and the Municipal Court did not err by considering the victim's age during sentencing, *Nelson*, ¶ 33. Finally, we declined to address allegations of bias against the Municipal Court Judge Pro Tempore, because the issue was raised for the first time on appeal. *Nelson*, ¶ 53. We apply the same analysis of these issues to Oltrogge's appeal and also affirm her conviction.

¶5      Oltrogge's appeal differs from Nelson's only in the content of the women's speech. In Nelson's appeal, we specifically addressed her use of a racial slur. *Nelson*, ¶ 24. Oltrogge did not use racially inflammatory language, instead flipping the child off and saying, "Fuck you." She argues this was not sufficiently insulting or offensive to fall within the "fighting words" doctrine. In *City of Whitefish v. O'Shaughnessy*, 216 Mont. 433, 438-39, 704 P.2d 1021, 1024 (1985), we held that the phrase "mother fucker" was sufficiently inflammatory to constitute "fighting words." In *State v. Robinson*, 2003 MT 364, ¶ 24, 319 Mont. 82, 82 P.3d 27, we held that the phrase "fucking pig" could also be considered "fighting words." Similarly, Oltrogge's words were inherently inflammatory and fall within the "fighting words" doctrine. Her speech was not constitutionally protected.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The legal issues in this case are controlled by settled Montana law, which the District Court correctly interpreted. With respect to issues of judicial discretion, there clearly was not an abuse of discretion.

3

¶7     Affirmed.


                                        /S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4